**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-00586

RAYMOND H. KRUG, and
JOSHUA B. WITT, individuals,

Plaintiffs,

v.

EMPIRE ROOFING & RESTORATION, INC.,
a Colorado corporation, and

JOSEPH C. APSEY-VAUGHN,
an individual,

Defendants.

---

**COMPLAINT**

---

Plaintiffs Raymond H. Krug ("Krug"), and Joshua B. Witt ("Witt") by and through undersigned counsel, hereby complain as follows:

**NATURE OF THE ACTION**

1. This action alleges claims by Krug and Witt against Defendants Empire Roofing & Restoration, Inc. ("Empire") and its owner, Joseph C. Apsey-Vaughn ("Apsey-Vaughn"), within the state of Colorado within the last three years.

2. Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by (i) misclassifying them as exempt from overtime, and thereby not paying them additional compensation for all hours worked over 40 in a workweek; (ii) not paying them any compensation for work performed outside of regular

work hours, i.e. "off-clock work"; and (iii) terminating their employment in retaliation for complaining about misclassifying them as exempt from overtime and other unlawful pay practices.

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. §§ 216(b) and 215(a)(3) and 28 U.S.C. § 1331.

4. Defendants are subject to personal jurisdiction in Colorado because they conduct substantial business in this state and the acts and omissions alleged herein occurred in this state.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

6. Plaintiffs are adult individuals residing in Colorado.

7. Plaintiffs were employed by Defendants in Colorado Springs, Colorado.

8. Empire was formed on November 18, 1997. Apsey-Vaughn is its registered agent and owner. Empire's office and principal business address is 1335 Valley Street, Colorado Springs, CO 80915.

## FACTS

9. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

10. Empire is a roofing and restoration contractor, repairing and replacing roofing and other exterior and interior building structures.

11. Empire employed Krug as "Production Manager" from September 5, 2016, until he was terminated on February 6, 2017.

12. Empire paid Krug a salary of $45,000 per year.

13. Krug's work duties included overseeing project estimation, performance, and payments on jobs.

14. Krug did not supervise any other employees.

15. Krug did not have any authority to hire or fire other employees.

16. Krug did not set the hours or rates of pay of any other employees.

17. Krug did not exercise any discretion or independent judgment in his work duties.

18. Krug was supervised in all aspects of his work by Joel Patton, Empire's General Manager, who in turn reported to Apsey-Vaughn.

19. Empire employed Witt as "Mitigation Manager" from October 17, 2016, until he was terminated on February 2, 2017.

20. Empire paid Witt a salary of $35,000 per year.

21. Witt's work duties were almost exclusively manual labor.

22. Witt did not supervise any other employees.

23. Witt did not have any authority to hire or fire other employees.

24. Witt did not set the hours or rates of pay of any other employees.

25. Witt did not exercise any discretion or independent judgment in his work duties.

26. Witt was supervised in all aspects of his work by Joel Patton, Empire's General Manager, who in turn reported to Apsey-Vaughn.

27. Both Krug and Witt were given company mobile phones by Defendants, and directed to use them for work duties.

28. Using those company phones, Krug and Witt made and received telephone calls, text messages, and emails for work duties outside of regular work hours.

29. Defendants told Krug and Witt that they were "on standby" 24 hours per day, 7 days per week.

30. Defendants required Krug and Witt to work outside of regular work hours, and on dates and at times when neither was scheduled or expected to work.

31. Krug worked weekdays from 6:30 a.m. to about 6:00 p.m., and most Saturdays for about 4-6 hours. Based on records and data Krug reviewed, Krug calculates that he worked approximately 303 hours of overtime.

32. Witt worked an average of 60 or more hours per week during the first three weeks, then about 50 hours per week for the next six weeks, and then 48 hours per week thereafter until the end of his employment. Based on these figures, plus the "off-clock" time, Witt calculates that he worked approximately 188 hours of overtime.

33. Krug specifically complained to Defendants about his misclassification as a salaried overtime-exempt employee. He researched the white-collar exemptions under the FLSA, and provided that information to defendants. Krug told Defendants that he did not believe his duties qualified for any such exemption. Krug also told Defendants that he did not believe Witt's duties qualified for any such exemption either.

34. On February 6, 2017, Defendants terminated Krug's employment. In the written termination notice he received, Defendants falsely stated that Krug was terminated for poor job performance.

35. On February 7, 2017, Krug served Defendants with a written demand for unpaid wages in the amount of $9,834.30, pursuant to the Colorado Wage Protection Act. Defendants received this demand on February 9, 2017. Defendants did not respond.

36. On January 25, 2017, Witt also complained to Defendants about his misclassification as a salaried overtime-exempt employee. In particular, Witt challenged Defendants' improper docking of his pay for one day's absence (due to his illness) on Friday, January 13, 2017. Defendants did not have a bona fide sick or disability pay plan. Witt told Defendants this. Defendants thereafter paid Witt the disputed amount that had been improperly deducted from his wages.

37. On February 1, 2017, Defendants terminated Witt's employment. In the written termination notice, Defendants falsely stated that Witt was laid off due to lack of work. However, on the same day, Defendants hired another employee to perform Witt's identical job duties.

38. On February 3, 2017, Witt served Defendants in person with a written demand for unpaid wages in the amount of $4,500.00, pursuant to the Colorado Wage Protection Act. Defendants did not respond.

### FIRST CLAIM FOR RELIEF
### <u>FLSA WAGE CLAIMS</u>

39. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

40. Empire has been and is engaged in interstate commerce within the meaning of the FLSA.

41. Empire employed Plaintiffs.

42. Empire had and has gross revenues in excess of $500,000.

43. As Empire's owner, Apsey-Vaughn held and exercised authority to (a) hire and fire Empire's employees; (b) determine the work schedules for Empire's employees; and (c) control the finances and operations of Empire.

44. Apsey-Vaughan is an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and employed Plaintiffs.

45. Defendants misclassified both Plaintiffs as exempt from overtime, and thereby failed to pay them any overtime compensation for hours each worked over 40 in a week.

46. Defendants also failed to pay Plaintiffs any compensation for "off-clock" work occasioned by phone calls, text messages, and emails outside of regularly scheduled work hours.

47. Defendants also failed to pay Plaintiffs any compensation for engaging them to wait on stand-by, 24 hours per day, 7 days per week.

48. The foregoing conduct, as alleged, constitute willful violations of the FLSA within the meaning 29 U.S.C. § 255(a).

49. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants all unpaid regular and overtime compensation, plus actual and liquidated

damages, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## FLSA RETALIATION CLAIMS

50. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

51. Plaintiffs complained about Defendants' misclassification of them as exempt from overtime, and about other unlawful pay practices.

52. Defendants terminated both Plaintiffs because of these complaints, in violation of the FLSA, § 215(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

    a.    A declaratory judgment that the policies and practices complained of herein are unlawful under the FLSA.

    b.    An award of regular compensation due under the FLSA.

    c.    An award of overtime compensation due under the FLSA.

    d.    An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay regular and overtime compensation pursuant to 29 U.S.C. § 216;

    e.    An award of pre-judgment and post-judgment interest;

    f.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    g.    Such other and further relief as this Court deems just and proper.

Respectfully submitted this 6th day of March, 2017.

        */s/ Gary M. Kramer*
        Gary M. Kramer
        1465 Kelly Johnson Blvd, Suite 210
        Colorado Springs, CO 80920
        Tel: 719-694-2783
        Fax: 719-452-3622
        Email: gary@garykramerlaw.com
        Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March, 2017, I electronically filed the foregoing Complaint with the Clerk of the Court using the Court's CM/ECF system.

        */s/ Gary M. Kramer*
        Gary M. Kramer